UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARD PLAYER MEDIA, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>    vs.<br><br>THE WAAT CORP dba WAAT MEDIA, a California corporation; DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive,<br><br>                    Defendants. | Case No.: 2:09-cv-00118-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#7) |

Before the Court is Defendant Waat Corp.'s **Motion to Dismiss for Lack of Personal Jurisdiction** (#7), filed February 10, 2009. The Court has also considered Plaintiff Card Player Media's Opposition (#8), filed March 2, 2009, and Defendant's Reply (#9), filed March 13, 2009.

### BACKGROUND

Plaintiff Card Player is a Nevada corporation with its principal place of business in Nevada. Card Player owns and licenses poker-related news, information, and entertainment content. At the time of the events giving rise to the this lawsuit, Defendant Waat Corp. was a

1

1  California corporation with its principal place of business in Sherman Oaks, California.  In late
2  2006, Waat Corp. "was re-domiciled in Delaware and merged into Twistbox Entertainment."
3  (Dkt. #7, Mot. 6.)  For the purposes of this Motion, Waat Corp. and Twistbox are jointly referred
4  to as "Defendant" or "Waat Corp."
5        Defendant distributes entertainment content to mobile phones and other wireless
6  devices.  According to Defendant, it has very few contacts with the state of Nevada: it is not
7  registered to do business in the state, it does not have an agent appointed to receive process there,
8  and it does not have employees or offices located in Nevada.
9        In December 2005, Card Player and Waat Corp. entered into a contract in which
10  Card Player agreed to license to Waat Corp. its poker-related content so that Waat Corp. could
11  distribute the material to various wireless service providers throughout the world.  In exchange,
12  Waat Corp. agreed to share 50% of the gross revenue generated by the distributions with Card
13  Player.  Waat Corp. asserts that it did not approach Card Player with this business proposition;
14  instead, the parties were brought together by a third party.  Waat Corp. neither indicates the name
15  of this third party nor elaborates on exactly how it brought them together.
16        Both parties agree that the contract was negotiated over the course of four different
17  meetings:  two in Los Angeles, California and two in Las Vegas, Nevada.  Waat Corp. signed the
18  contract in California and Card Player signed the contract in Nevada.  The contract provided that it
19  would be "governed by, and construed and enforced in accordance with, the laws of the State of
20  California."  (Dkt. #7, Mot. Ex. A.)
21        Performance of the contract ensued as follows.  After the agreement was entered
22  into, Card Player delivered its poker-related content to Defendant's offices in Sherman Oaks,
23  California, and Defendant began marketing and delivering the product to its online service
24  providers. According to Waat Corp., all communication between the parties took place over the
25  phone.  Initially, Waat Corp., as per the agreement, made royalty payments by mailing checks to
26  Card Player's Las Vegas address.  Card Player alleges that at some point during the course of the

AO 72
(Rev. 8/82)

1  agreement, Waat Corp. stopped paying royalties. On January 17, 2009, Card Player filed suit in
2  this Court for breach of contract, account stated, and unjust enrichment. On February 10, 2009,
3  Waat Corp. filed its Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons
4  discussed below, this Motion is denied.

## DISCUSSION

### I. Motion to Dismiss

A court may dismiss a complaint for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing that the court has jurisdiction over each defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). In the absence of an evidentiary hearing, the plaintiff must make a prima facie showing of personal jurisdiction to defeat a 12(b)(2) motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). To make a prima facie showing of jurisdiction, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* The plaintiff's allegations "may not be merely conclusory, but must assert particular jurisdictional facts which establish the necessary ties between the defendant and the forum state." *Pocahontas First Corp. v. Venture Planning Group,* 572 F. Supp. 503, 506 (D. Nev. 1983). Moreover, a court resolves conflicts in the parties' affidavits in favor of the non-moving party. *Holland Am. Line Inc. v. Wärtsilä N. Am.*, 485 F.3d 450, 457 n.5 (9th Cir. 2007). However, for purposes of personal jurisdiction, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

### II. Personal jurisdiction

Waat Corp. alleges personal jurisdiction is improper because it does not have sufficient contacts with the state of Nevada. In addressing this assertion, the Court notes the long-standing rule that in order to establish personal jurisdiction, a plaintiff must show (1) that the forum state's long-arm statute confers jurisdiction over the out-of-state defendant; and (2) that the exercise of jurisdiction does not violate federal constitutional principals of due process. *Haisten v.*

*Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1396 (9th Cir. 1986). Nevada's long-arm statute authorizes the exercise of personal jurisdiction to the fullest extent permitted by due process. *Baker v. Eighth Judicial Dist. Court*, 999 P.2d 1020, 1023 (Nev. 2000). Consequently, the analysis regarding Nevada's long-arm statute and federal due process are the same. *See id.*

There are two types of personal jurisdiction: general and specific. Card Player (correctly) does not allege that this Court has general personal jurisdiction over Defendant, but it does argue that the Court has specific jurisdiction. In order to exercise specific jurisdiction, (1) the defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *See, e.g.*, *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). The plaintiff, in this case Card Player, bears the burden of the satisfying the first two prongs of this test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If Card Player satisfies these two requirements, the burden shifts to Waat Corp. to show that the exercise of personal jurisdiction is unreasonable. *Id.* The Court now addresses this three-part test.

### A. Purposeful Availment

A defendant has purposely availed himself of the benefits of a forum if he has deliberately "engaged in significant activities within a State or has created 'continuing obligations' between himself and the residents of the forum." *Gray & Co.*, 913 F.2d at 760 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). Purposeful availment thus requires that the defendant affirmatively act to allow or promote business transactions within the forum state. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986). Consequently, "the solicitation of business in the forum state that results in business being transacted or contract negotiations will probably be considered purposeful availment." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). "Likewise, contract negotiations followed by contract formation in the forum state invoke the forum state's benefit and protections and favor a finding of

AO 72
(Rev. 8/82)

purposeful availment." *Digitone Indus. Co. v. Phoenix Accessories, Inc.*, 2008 WL 2458194, *4 (D. Nev. 2008) (citing *Data Disk*, 557 F.2d at 1284.

In addition to these rules, courts have established general guidelines when addressing contractual disputes. It is well-settled in the Ninth Circuit and elsewhere that "[a] contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." *Gray & Co.*, 913 F.2d at 760 (citing *Burger King Corp.*, 471 U.S. at 478–79). Prior negotiations, the terms of the contract, and the parties' actual course of dealing are factors that must be considered. *Id.*

Waat Corp. argues these three factors all weigh in favor of concluding that it did not purposefully avail itself of the benefits of doing business in Nevada. The Court disagrees. First, neither party disputes that two of the four meetings in which the parties negotiated the terms of the contract were held in Nevada. Moreover, Defendant's claim that a third-party introduced Plaintiff and Defendant, even if true, is irrelevant. Before entering into a contract, Waat Corp. traveled to Nevada on two occasions to negotiate a contract with a Nevada corporation. For this reason, the Court finds that the parties' prior negotiations weigh in favor of finding purposeful availment.

Second, the Court is not persuaded by Waat Corp.'s argument that it did not purposefully avail itself of the benefits of a Nevada forum because the contract stated that it would be construed and governed according to the laws of California. Choice-of-law provisions establish which state law governs disputes, but they do not establish which states can exercise jurisdiction over the parties. If this were the case, parties could defeat a state's jurisdictional authority simply by inserting a choice-of-law provision in the contract. Moreover, contrary to Waat Corp.'s assertion, exercising jurisdiction in this case would not defeat the parties' choice-of-law agreement. This Court can properly hear this dispute and apply California law at the same time. Furthermore, the contract itself warrants finding purposeful availment because Waat Corp. agreed to receive poker-related content from a Nevada company, market that content, and send royalty

checks to the Nevada company. The Court therefore finds that the terms of the contract favor finding purposeful availment.

For these same reasons the Court finds that the course of performance of the contract warrant finding purposeful availment. Despite Defendant's assertion to the contrary, important activities took place in Nevada and were directed at Nevada. Card Player sent materials from Nevada to California, and Waat Corp. mailed royalty checks from California to Nevada. Because these actions figure prominently in this dispute, the Court finds that the three factors, taken as a whole, indicate that Waat Corp. purposefully availed itself of the laws and benefits of Nevada when it negotiated and performed (at least partially) the contract in question.

### B.  Waat Corp.'s Forum-Related Activities

In order for this Court to exercise personal jurisdiction, Card Player's claim must arise out of Waat Corp.'s business activities in Nevada. The Ninth Circuit has adopted a "but for" test in determining whether a claim arises from the defendant's forum related activities. *Mattel, Inc. v. Greiner & Hauser GMBH*, 354 F.3d 857, 864 (9th Cir. 2003). This test is best formulated as follows: but for Waat Corp.'s contacts with Nevada, would Card Player's claims against Waat Corp. have arisen? *See id.*

The Court finds that but for Waat Corp.'s contacts in Nevada this claim would not have arisen because the entire claim is based on the contract between Waat Corp. and Card Player. Without Card Player (a Nevada corporation) and its poker-related products there would have been no contract between the parties—Waat Corp. would have had no product to receive or market, and it would have had no obligation to send royalty payments to anyone. The Court therefore finds that Waat Corp.'s activities in Nevada gave rise to Card Player's claims against it.

### C.  Reasonableness

The party seeking to defeat personal jurisdiction "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Courts have identified seven relevant factors in determining the

1  reasonableness of asserting jurisdiction over an out-of-state defendant: (1) the extent of
2  purposeful interjection into the forum state; (2) the burden on the defendant of defending in the
3  forum; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's
4  interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6)
5  the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the
6  existence of an alternative forum. *Decker Coal*, 805 F.2d at 840.
7        After reviewing the pleadings, the Court concludes that Waat Corp. has failed to
8  present a compelling case that this Court's exercise of personal jurisdiction over it is unreasonable.
9  In arguing for unreasonableness, Defendant repeats the same assertions it made when arguing
10 against purposeful availment; namely that Waat Corp.'s contacts with Nevada are minimal and
11 that the parties agreed to follow California law. The Court is no more persuaded by this argument
12 in the context of reasonableness than it was in the context of purposeful availment. Waat Corp.'s
13 negotiation of the contract in Nevada as well as its payment of royalties to Card Player, a Nevada
14 corporation, indicate that Waat Corp.'s contacts with Nevada are more than minimal. Moreover,
15 the Court sees no connection between the parties' choice-of-law provision and the issue of
16 reasonableness. As stated above, a court can exercise jurisdiction, and at the same time, apply the
17 law of another state.
18       The only other assertion regarding reasonableness made by Defendant is that "most
19 of the witnesses and documents relevant to the dispute are located in California." (Dkt. #7, Mot.
20 14.) Even assuming this allegation is true, the Court finds that, given all the relevant factors, the
21 exercise of personal jurisdiction in this case is reasonable. In coming to this conclusion, the Court
22 is most persuaded by factors two, four, and six. Under the second factor, the Court finds the
23 burden on Waat Corp. in having to defend this lawsuit in Nevada is minimal. Nevada neighbors
24 California and Waat Corp. traveled to Nevada on two separate occasions in order to negotiate the
25 contract. The Court also determines, under the fourth factor, that Nevada has a significant interest
26 in adjudicating the dispute between the parties. A Nevada corporation alleges it was injured when

AO 72
(Rev. 8/82)

an out-of-state company failed to send contractually mandated royalty payments. The Court also finds that the sixth factor weighs in favor of finding that personal jurisdiction is reasonable: Card Player's interest in obtaining convenient and effective relief will be most easily served in its home state, where it chose to pursue its claims. For these reasons, the Court finds that the exercise of personal jurisdiction over Waat Corp. is reasonable.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Waat Corp.'s Motion to Dismiss (#7) is DENIED.

Dated: April 6, 2009.

_____
ROGER L. HUNT
Chief United States District Judge